IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TERRY HARNSBERGER** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 13-1316-KMH |
| | ) |
| **WASAME SUGULE, et al.** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the parties' motions in limine (Docs. 52, 56 & 59). For the reasons set forth below, the motions shall be GRANTED IN PART and DENIED IN PART.

These motions seek to prohibit the admission of certain evidence at trial. The court will rule on the motions to the extent it can with the information before it. The court cautions the parties, however, that nothing in this order will preclude the admissibility of the excluded evidence if it otherwise becomes relevant at trial.[1] Should any party "open the door" to the introduction of previously-excluded evidence, another party may seek permission, ***outside the presence of the jury***, to revisit this ruling. By the same token, no ruling herein should be construed as a final ruling admitting evidence to which a valid objection is made at trial.

---

[1] *See Turley v. State Farm Mut. Ins. Co.*, 944 F.2d 669, 673 (10th Cir. 1991) ("The better practice would seem to be that evidence of this nature ... should await development of the trial itself.").

**Background**

Plaintiff filed this action seeking damages for injuries he suffered in a motor vehicle accident on April 13, 2013.  Plaintiff was stopped in a tractor-trailer rig in the eastbound lane of Highway U160 in Comanche County, Kansas.  While acting in the course and scope of his duties as an employee of defendant Venture Corporation, defendant Wasame Sugule was operating a pilot car for road construction.  Defendant Allen Daniel Valles, who was operating a tractor-trailer rig traveling westbound on Highway U160, struck the pilot car in the westbound lane and then struck plaintiff's vehicle.  This matter is set for jury trial on December 2, 2014.

**Plaintiff's Motion in Limine (Doc. 52)**

Plaintiff seeks to prohibit defendants from "referring directly or indirectly" during trial to eight topics.  Defendants do not oppose plaintiff's requests concerning the following topics:

> **3.**     Social media (Facebook) evidence; and
>
> **6.**      Plaintiff's drive to work in 2010 without a drivers' license.

Because defendants do not oppose plaintiff's request concerning the above-listed subjects, plaintiff's motion shall be GRANTED on items 3 and 6.  The remaining topics are addressed below.

**Topic 1**

Plaintiff requests an order excluding any reference to Dr. Dereck Peery's license revocation in Ohio in 2004-2009 and his fine and 30-day suspension in Oklahoma for

2

failing to report the Ohio revocation. Dr. Peery is plaintiff's expert witness and treating doctor. Plaintiff argues this information lacks relevance and its probative value is outweighed by the prejudice to plaintiff. Defendants argue that Dr. Peery's license revocation and suspension for "lying, falsifying, or negligence" in his Oklahoma practice application are admissible because the information is relevant to his credibility and admissible to show his character for untruthfulness under Fed. R. Evid. 608(b).

Under Rule 608(b), particular instances of conduct may be inquired into on cross-examination of the witness at hearing so long as any questions are probative of truthfulness. However, the rule specifically prohibits extrinsic evidence, which

> bars any reference to the <u>consequences</u> that a witness might have suffered as a result of an alleged bad act. For example, Rule 608(b) prohibits counsel from mentioning that a witness was suspended or disciplined for the conduct that is the subject of impeachment, when that conduct is offered only to prove the character of the witness.[2]

The parties have agreed to use the video deposition of Dr. Peery at trial in lieu of his live testimony and the court has reviewed that testimony in conjunction with plaintiff's objections to deposition designations.[3] Following that review, the court has determined that the testimony specific to <u>untruthfulness</u> cannot be extricated from the testimony referencing the <u>consequences</u> suffered by Dr. Peery as the result of his alleged bad act. The extrinsic evidence of consequences is prohibited by Rule 608 and the court

---

[2] Fed. R. Evid. 608 advisory committee's note to 2003 Amendments (emphasis added ) (citing *United States v. Davis,* 183 F.3d 231, 257 n.12 (3d Cir. 1999) (emphasizing that in attacking the defendant's character for truthfulness "the government cannot make reference to [defendant's] forty-four day suspension or that Internal Affairs found that he lied about" an incident because "[s]uch evidence would not only be hearsay to the extent it contains assertion of fact, it would be inadmissible extrinsic evidence under Rule 608(b)")).

[3] *See* Memorandum and Order, Doc. 74, filed contemporaneously with this Order.

is persuaded that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and confusion under Rule 403. Accordingly, plaintiff's motion to preclude the evidence is GRANTED.

**Topic 2**

Plaintiff moves to exclude evidence of his previous drug use admitted during a November 2011 drivers' license physical exam as irrelevant and prejudicial under Fed. R. Evid. 401 and 403. Defendants argue that because plaintiff claims that he will be required to take narcotic pain medication for many years as a result of his injury from this accident, his previous abuse of narcotic drugs is at issue. Plaintiff admitted to drug use at least 6 weeks prior to his exam, which occurred 17 months prior to the accident. There is no claim that plaintiff was under the influence of drugs at the time of the accident or that he abused drugs after the accident. The court is persuaded that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and confusion. Accordingly, plaintiff's motion to preclude the evidence is GRANTED.

**Topic 4**

Plaintiff seeks an order precluding defendants from referencing evidence that plaintiff carried insurance with Atlantic Specialty Insurance Company through his employer, and that Atlantic paid $35,208.32 toward his medical bills and temporary disability. Plaintiff does not dispute subrogation, but seeks to exclude any mention of the subrogation lien based on relevance and because it would confuse the jury by suggesting that plaintiff has been made whole. Defendants agree that the payments made by Atlantic

4

are not relevant; however, when plaintiff was asked at deposition whether he had received any compensation toward his medical bills, he testified "not that I know of." Defendants claim that this statement goes toward plaintiff's credibility, but provide no authority to support their argument. Even if defendants had relied upon Rule 608, the rule requires that the evidence actually be *probative* of truthfulness or untruthfulness. There is no clear indication in the parties' briefing that plaintiff actually lied about the payments or whether he was simply unaware at the time of his deposition whether any payments had been made. Accordingly, plaintiff's motion in limine concerning topic 4 shall be GRANTED.

**Topic 5**

Plaintiff asks that defendants be prohibited from referring to his previous criminal history because it is remote, irrelevant, and constitutes improper character evidence. Defendants agree not to introduce evidence of plaintiff's 30-year-old burglary conviction or a 1998 protective order. However, defendants argue that, when asked on a job application to reveal any convictions of alcohol or controlled substance-related offenses while driving, plaintiff identified only a 2010 misdemeanor Actual Physical Control (APC) charge and did not list his 25-year-old Driving Under the Influence (DUI) conviction. Defendants wish to use plaintiff's failure to list the DUI as evidence of his

credibility under Rule 608(b), not for the conviction itself which is otherwise prohibited under Rule 609.[4]

Defendants also seek to introduce evidence of plaintiff's forgery conviction. This issue is raised only in defendants' response and is not discussed in plaintiff's motion. Although this conviction is likely to be admissible under Rule 609(a)(2) because the elements of the crime required proving a dishonest act or false statement, none of the parties supply the date of this conviction to address whether the 10-year limitation of Rule 609(b) apply to bar its use. Therefore, plaintiff's motion in limine is GRANTED IN PART as unopposed regarding the burglary conviction, protective order, and APC charge and DENIED IN PART regarding plaintiff's failure to list the DUI on his job application and his alleged forgery conviction, subject to fact development and objection at trial.

**Topic 7**

Plaintiff requests the exclusion of all evidence of his prior work injury in 1979 and prior vehicle accidents, arguing that all are more than 34 years old and they do not bear on his current condition, because those injuries were to his lower back and his current injuries are to his upper back and neck. Defendants agree not to introduce evidence of the vehicle accidents or of his work injury for the purpose of showing a previous workers compensation claim. However, defendants argue that because plaintiff underwent a two-

---

[4] Fed. R. Evid. 609(b) provides limits on using evidence of a criminal conviction to impeach a witness if more than 10 years have passed since the witness's conviction. *But see Schmidt v. Medicalodges, Inc.*, 523 F. Supp. 2d 1256, 1259 (D. Kan. 2007) *aff'd,* 350 F. App'x 235 (10th Cir. 2009) (finding that evidence that the witness lied on an employment application was admissible not under Rule 609 but under Rule 608(b) and the witness was properly questioned on that topic during cross-examination).

level fusion surgery on his spine for the 1979 injury that surgery is relevant to plaintiff's current claims.  Without more information, plaintiff has not met his burden to exclude reference to the earlier back surgery.  Therefore, plaintiff's motion in limine regarding Topic 7 is DENIED, subject to fact development and objection at trial.

**Topic 8**

Plaintiff seeks to prohibit any reference to his potential vehicle tag irregularity. Defendants wish to pursue the difference between the vehicle tag number listed on the accident report and the tag number reflected on plaintiff's vehicle in pictures, claiming that a difference might bear on credibility.  A "possible" tag irregularity has no relevance to the claims or defenses of the parties and the plaintiff's motion regarding this subject is GRANTED.

**Defendants Wasame Sugule and Venture Corp.'s**
**Motion in Limine (Doc. 56)**

Defendants seek to prohibit plaintiff from mentioning directly or indirectly the existence or contents of twelve topics.  Plaintiff does not oppose defendants' requests concerning the following topics:

**1**. Any and all reference to liability insurance coverage;

**4**. Any references to medical reports from the office of Dr. Peery after June 17, 2014;

**5**. Any medical reports from any provider created after June 17, 2014;

**6**. Any references to defendant Sugule having smoked or used marijuana prior to the accident;

    **7**.    Any references to future economic or wage loss;

    **9**.    Any references to modification of plaintiff's truck;

    **10**.    Any references to job modification or change of job for plaintiff;

    **11**.    Any opinion testimony contained in the Kansas Motor Vehicle Accident Report; and

    **12**.    Any references to subrogation liens.

Because plaintiff does not oppose defendants' requests concerning the above-listed topics, plaintiff's motion shall be GRANTED on items 1, 4, 5, 6, 7, 9, 10, 11 and 12. Topics 2, 3 and 8 are addressed below.

## Topic 2

Defendants request that the court exclude Dr. Perry's opinions or references regarding plaintiff's future medical status, or diagnosis/prognosis of permanency of plaintiff's injury resulting from the subject accident. Defendants maintain that at the time of Dr. Peery's deposition he had not yet released the plaintiff from treatment. Plaintiff's surgery occurred in July 2013 and Dr. Peery expected plaintiff to continue to heal for as long as two years. Because Dr. Peery was unable to testify at the time of his deposition within a reasonable degree of medical certainty regarding plaintiff's condition, defendants argue that plaintiff should not be allowed to reference any final diagnosis, medical status or prognosis. Plaintiff argues that both testifying physicians agree that, although plaintiff's surgery was successful, he will have ongoing pain and stiffness. The difficulty with both arguments is that the court does not have enough fact development at this time to determine whether reference to Dr. Peery's opinions or prognosis might be

8

speculative. Therefore, defendants' motion in limine regarding Topic 2 is DENIED, subject to further fact development and objection at trial.

**Topic 3**

Defendants seek an order prohibiting any reference to all opinions of Aaron Spells, P.A.  Spells is a physician's assistant in Dr. Peery's orthopedic and pain management clinic.  Defendants request that, because Spells has not testified, any report from Spells about pain management, diagnosis, or treatment following Dr. Peery's June 2014 deposition should be inadmissible.  Defendants provide no support for this request.  Plaintiff argues that to the extent that Dr. Peery has monitored plaintiff's health through Spells, that testimony has been proffered without objection.  Without more detail from the parties, the court does not have adequate information to grant this motion.  Therefore, defendants' motion regarding Topic 3 is DENIED subject to development of relevant facts and objection at trial.[5]

**Topic 8**

Defendants request the exclusion of any references to plaintiff's disfigurement.  Prior to the pre-trial order, plaintiff sought $100,000 for disfigurement in addition to his claim for non-economic damages.  During the pretrial conference, plaintiff agreed that the claims were duplicative and abandoned the separate disfigurement claim.  However, plaintiff argues that his neck surgery resulted in scarring to the front of his neck and that

---

[5] The court notes that plaintiff agreed to Topics 4 and 5 of defendants' motion, which exclude any references to medical reports from Dr. Peery or any other medical reports after June 17, 2014.  Although this would seem to naturally extend to Aaron Spells, neither party addresses this issue in the briefing.

testimony has already been proffered.  Plaintiff will be allowed to mention his disfigurement as part of his request for non-economic damages, not as a separate claim. Defendants' motion as to Topic 8 is DENIED.

### Defendant Daniel Valles' Motion in Limine (Doc. 59)

Defendant Valles seeks to exclude any testimony by defendant Wasame Sugule that Valles was speeding at the time of the motor vehicle accident at issue.  Neither plaintiff nor the other defendants responded to this motion.  Therefore, defendant Valles' motion is GRANTED AS UNOPPOSED.

**IT IS THEREFORE ORDERED** that plaintiff's motion in limine (**Doc. 52**) and defendants' Sugule and Venture Corporation's motion in limine (**Doc. 56**) are **GRANTED IN PART** and **DENIED IN PART**, consistent with the rulings expressed herein.  Defendant Daniel Valles' motion in limine (**Doc. 59**) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 25th day of November, 2014.

 s/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge